IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HELENE WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3220 |
| | § | |
| IN REM: ALLEGED LIEN AND/OR | § | |
| LEVY FILER: "Sheila Christophe" | § | |
| and INTERNAL REVENUE SERVICE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion of United States to Dismiss[1] (**Docket Entry No. 6**) to which plaintiff, Helene Watson, has not responded. The United States argues, inter alia, that the court lacks subject matter jurisdiction because the government has not waived its immunity as to it, or as to the individual defendant, Sheila Christophe, and because the Anti-Injunction Act bars this action. The court agrees.

The United States and its employees acting within the scope of their official capacity as agents of the United States are

---

[1] Although the action was filed "in rem", it complains that the Internal Revenue Service and its agent, Sheila Christophe, violated various state and federal laws. The United States is therefore the correct defendant.

immune from suit unless the United States has waived immunity. The plaintiff does not allege that the United States has waived its immunity and the United States states that it has not done so. Because immunity has not been waived this court does not have jurisdiction over plaintiff's claims. See United States v. Sherwood, 61 S. Ct. 767, 770 (1941). To the extent that plaintiff seeks to vacate the notice of levy and federal tax liens, this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

Plaintiff has filed a Response to Amended Notice of Removal and Notice to Remand (**Docket Entry No. 5**) in which she argues that this court lacks jurisdiction because plaintiff's action is not an in personam action against the Internal Revenue Service or Christophe, and that plaintiff does not agree to "the federal court's usurpation of this action." Id. at ¶¶ 3-4. Liberally construing the pro se plaintiff's "notice" to remand as a motion to remand, it is **DENIED** because the court has removal jurisdiction pursuant to 28 U.S.C. § 1442. Removal jurisdiction is derivative; if a state court has no jurisdiction, a federal court acquires none when the case is removed. See Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 42 S. Ct. 349, 351 (1922). Although this action was properly removed, the court does not have jurisdiction to proceed because immunity has not been waived and the Anti-Injunction Act bars the action.

The Motion of United States to Dismiss (**Docket Entry No. 6**) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 22nd day of December, 2006.

```
                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```